63 U.S. 416
 22 How. 416
 16 L.Ed. 359
 THE UNITED STATES, APPELLANTS,
v.
MARIANO G. VALLEJO.
 December Term, 1859
 
 THIS was an appeal from the District Court of the United States for the northern district of California. It was similar, in many of its circumstances, to the two preceding cases. The state of the title is set forth in the argument of the Attorney General.
 It was argued by the Attorney General and Mr. Stanton for the United States, and by Mr. Phillips for the appellee.
 The Attorney General thus explained the title:
 This is a claim for a tract of land called Yulupa, containing three square leagues, more or less. The claim rests upon an alleged grant by Governor Micheltorena to Miguel Alvarado, dated November 23, 1844. The claim was rejected by the board, but confirmed by the District Court. In support of this claim, a paper, purporting to be a 'titulo' is produced, signed, 'Manuel Micheltorena,' and attested by 'Francisco Arce, Secretary Int. It is accompanied by no expediente, nor any record evidence. No petition, reference, report, decree of concession, or other official act prior to the grant, appears. The attesting witness was not called. The only proof of execution is the testimony of Jos e de la Rosa as to the handwriting of Micheltorena and Arce. But another paper is produced by the claimant, bearing the names of Pico and Corvarubias, and purporting to be a certificate that he grant was confirmed on the 18th of February, 1845, by the Departmental Assembly. But there is no proof of the authenticity of this paper, save the testimony of Jos e de la Rosa as to the handwriting of Pico, the Governor, and Corvarubias, the attesting secretary. Neither of them was called.
 The usual effort is made to supply the defect of legal proof by testimony of occupation and possession.
 There is no expediente on file. The grant is not found in Jimeno's Index. The claim rests upon the production of two papers and proof of handwriting. It is not supported by any legal evidence requisite to establish a valid claim.
 The following specific objections are made to confirmation:
 1. No expediente or official record of the proceedings required by the Mexican laws in granting lands is produced, nor any record evidence whatever.
 2. The law required the 'titulo' to be authenticated by the secretary of the Department. Jimeno was the secretary; and if, from any cause, Arce acted as secretary ad interim, the fact should have been shown, and he should have been called to prove the execution of the instrument by the Governor.
 3. Handwriting is secondary evidence, and competent only when, from the nature of the case, primary evidence by the attesting witness cannot be obtained.
 4. The paper bearing the names of Pico and Corvarubias is nothing more than a private certificate by those persons. No proof is made as to when it was given, and it affords no evidence of the action of the Departmental Assembly, which should be shown by their own journal. The journal of the Assembly for 1845 shows no session on the 18th of February, 1845, the day that the certificate states the confirmation to have been made. If there was a session on that day, the fact might be, and should have been, proved.
 5. If this grant were genuine, it would have appeared regularly numbered and entered in Jimeno's index, with a corresponding expediente, on file in the archives. It would also have been noted in the Toma de Razon of that year, but there is no mention of it. Every claimant is bound to establish his claim by legal proof, in conformity with the Mexican laws and usages in granting lands. The whole burden of proof is upon him; and unless that burden is fully discharged, he has no right to a decree of confirmation. The absence of an expediente, or any record evidence of the grant, is unaccounted for. No excuse is shown or ground laid for secondary evidence. The confirmation by the District Court affords no presumption in favor of the claim, for an appeal to the Supreme Court was allowed because of errors that might be committed in the court below; and this case was confirmed before any organized system of fabricating land grants in California had become known. Until the decree of the Supreme Court in Cambuston's case, very little regard was paid to the evidence offered in support of private land claims, and confirmations were made without scrutiny, and sometimes against the manifest impression of the court that the claim was fabricated and false.
 For the reasons that have been mentioned, and apparent upon this record, it is submitted that the claim should not be confirmed.
 Mr. Phillips stated the title and evidence as follows:
 The present claimant derives his title under a deed of warranty in consideration of $3,000 from Miguel Alvarado, dated 20th February, 1849, for 'three sitios de ganado mayor, which I have granted to me by the Departmental Government of this territory, approved by the Assembly of the same.'
 This deed is witnessed by Castenada and Salvador Vallejo, and is acknowledged before the alcalde on 22d February, 1849.
 The title on which confirmation is rested is a grant from Micheltorena to Miguel Alvarado, dated at Monterey, 23d November, 1844.
 In this formal grant the following facts are recited:
 1. That Alvarado had solicited the land.
 2. That the proper measures and examinations had been made.
 3. That the land is shown by the map attached to the expediente.
 4. That the intent was to confirm him in the ownership of the title, which he had obtained from the Senor director, &c., Don Mariano Vallejo.
 If the court is satisfied that this grant is genuine, then these facts are established by their recital.
 Besides the grant, there is the approval of the Departmental Assembly, signed by Pio Pico and Jos e M. Corvarubias.
 These were produced as original documents, and the signatures of all the parties proved.
 No objection can be made in this court that they were not proved by competent evidence.
 'No objection shall be hereafter allowed to be taken to the admissibility of any deposition, deed, grant, or other exhibit found in the record as evidence, unless objection was taken in the court below, and entered of record.' (13th Rule.)
 In addition to this proof of genuineness, we have the evidence of Caetano Juarez, who was the alcalde of the district, that he heard of the grant in 1844.
 Salvador Vallejo testifies that, 'in 1844 or 1845, Miguel Alvarado made a petition to the Government for the rancho Yulupa, and received a grant for it; I knew of it at the time.'
 Julio Carillo says he first heard of the grant, he 'thinks, in 1845; I heard of it from some of the neighbors, and he told me himself.'
 Still stronger evidence as to the verity of this transaction is to be found in the proof of occupation and improvement.
 Jos e de la Rosa: 'Miguel Alvarado first occupied it in 1843 or 1844. He had a house on it, and culitvated a small garden. He also had a corral on it, and over 100 cattle and horses. The house is still standing. In 1849, he sold it to General Vallejo, who has occupied it since with cattle and horses.'
 Jasper O. Farrell: 'In 1847 or 1848, one Roulette held a mill site and a portion of red-wood land under M. G. Vallejo; in 1848 or 1849, to the best of my belief, I saw the mill-dam and mill built by him.'
 Julio Carillo: Alvarado 'commenced the occupation thereof in 1842 or 1843. At this time he built a house on the place; a corral. He had cattle and horses on it; he had a small field enclosed; he continued to occupy the land until the time he sold to the present claimant, which, I believe, was in 1848 or 1849. The present claimant has since that time, and now does, occupy said land.'
 Caetano Juarez: 'I have heard that Alvarado has had possession of it ever since (1844.) In 1845, he had a house and corral on the place.'
 Salvador Vallejo: 'At that time Alvarado had possession (1844 or 1845.) Since that time I do not know who has had possession of it. I know Alvarado sold it.'
 The genuineness of the title was established to the satisfaction of the board of commissioners, who rejected the claim, on the ground that the quantity of land was not sufficiently designated.
 The decree of Judge Hoffman shows that this defect was cured by the evidence of other witnesses, 'whose testimony, taken on appeal, in our opinion, establishes the identity of the land granted to Alvarado, and removes the only objection urged to a confirmation of the claim.'
 The absence of record evidence, either in the archives or in Jimeno's index, can amount to no more than cause of suspicion. It cannot of itself invalidate the title.
 The attempt to raise the question as to the bona fides of the grant is condemned by the decision of this court.
 'It has been urged, has grant is a fictitious one, &c. Our answer to this suggestion is, that no objection to the bona fides of the grant was taken before either of the tribunals below, where it should have been made, if relied on by the Government, so as to have given the complainants an opportunity to have met it. To permit it to be taken in the appellate court for the first time, where there is no opportunity for explanation, would be a surprise upon them of which they may justly complain.'
 Larkin's case, 18 How., 561.
 Mr. Phillips proceeded to argue that possession was the strongest proof of title, because title always followed possession without fee or reward being required. If there was possession and no title, it would be an exceptional case. We have proved possession in Alvarado from 1842-'43 to 1849, when he sold. This court must go by the record; four witnesses prove possession, and the United States do not deny this evidence. If the authority of the Governor be denied, the United States ought to show that he had no authority, and not require us to prove that it existed.
 Mr. Stanton replied to the argument of possession, that if the grant was valid, the party would have had judicial possession. The law required this. Sometimes this court has excused the absence of judicial possession, as in Fremont's case; but there is no excuse here. The rule requiring a point to be taken below before it can be argued here, does not apply to these California cases.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 This is an appeal from a decree of the Circuit Court of the United States for the northern district of California.
 
 
 2
 The appellee, Vallejo, presented to the board of land commissioners a claim for three square leagues of land, known by the name of Yulupa, situate in the county of Sonoma, California, having derived his title from Miguel Alvarado, the original grantee.
 
 
 3
 The documentary evidence of the title is: 1st. A grant in due form, dated Monterey, 23d November, 1844, purporting to be signed by Micheltorena, Governor, and Francisco Arce. secretary, with a memorandum by the secretary: 'Note has been made of this title in the proper book;' and 2d. A certificate of approval by the Departmental Assembly, bearing date at the city of Los Angeles, 18th February, 1845, signed by Pio Pico, Governor, and Jose M. Corvarubias, secretary.
 
 
 4
 Neither the grant nor the certificate of approval has been found among the Mexican archives, nor the record of them upon any book of records. Both papers came from the hands of the claimant. The genuineness of the title depends upon proof of the official signatures, and some evidence of possession.
 
 
 5
 The board rejected the claim; but on appeal to the District Court, and the production of further proof of possession, that court affirmed it.
 
 
 6
 The case falls within the views of the court in the United States v. Teschmaker and others, decided this term.
 
 
 7
 Decree reversed, and the case remanded for further evidence.